UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MEGHAN CLEARY,<br>    *Plaintiff*,<br><br>    v.<br><br>JANE KUPSON GROSSMAN ET AL.,<br>    *Defendants*. | No. 3:23-cv-349 (VAB) |

**RULING AND ORDER ON MOTIONS TO DISMISS**

Meghan Cleary ("Ms. Cleary" or "Plaintiff") filed this lawsuit *pro se* against Connecticut Superior Court Judge Jane Kupson Grossman and Attorney William RJP Brown (collectively, "Defendants") for violations of the Fifth and Fourteenth Amendments and civil rights violations under 42 U.S.C. § 1983.[1]

Defendants have filed motions to dismiss Ms. Cleary's Complaint. Mot. to Dismiss by Att'y Brown, ECF No. 22 ("Brown Mot."); Mot. to Dismiss by Judge Grossman, ECF No. 25 ("Grossman Mot.").

For the following reasons, the motions to dismiss are **GRANTED** with prejudice.

---

[1] In her Complaint, Ms. Cleary states that she is also bringing this suit under 28 U.S.C. § 351. Compl., ECF No. 1 ¶ 4 ("Compl."). Because this is a federal law applying to federal judges, *see* 28 U.S.C. § 351(d)(1) ("[T]he term 'judge' means a circuit judge, district judge, bankruptcy judge, or magistrate judge[.]"), Ms. Cleary has failed to state a claim under this statute. Similarly, the Code of Conduct for United States Judges applies to federal judges. Code of Conduct for U.S. Judges, Introduction ("This Code applies to United States circuit judges, district judges, Court of International Trade judges, Court of Federal Claims judges, bankruptcy judges, and magistrate judges."). Further, the Connecticut Code of Judicial Conduct, and the Connecticut Rules of Professional Conduct are not bases for civil liability. Conn. Code of Jud. Conduct, Scope, ¶ 7; Rules of Pro. Conduct, Scope ("[The Rules] are not designed to be a basis for civil liability.").

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

   **A. Factual Allegations**

Ms. Cleary is involved in a family matter pending in the New Haven District of Connecticut's superior court regarding the custody of her minor children with Kenneth Thomas. Compl. ¶ 29; *Thomas v. Cleary*, No. NNH-FA-19-50506110S.[2] In the state court action, Mr. Thomas allegedly received full custody of the minor children. *Id.* ¶ 86.

Ms. Cleary alleges that the presiding judge, Judge Grossman, failed to allow evidence, including testimony by Ms. Cleary, that would substantiate her claims that the minor children were abused by their father. *Id.* ¶¶ 32, 44.

Ms. Cleary alleges that Defendants set her up for constant violations of court orders under false pretenses. *Id.* ¶ 84.

Ms. Cleary alleges that Judge Grossman continues to make disparaging remarks and unfounded accusations against Ms. Cleary. *Id.* ¶ 134 (citation and footnote omitted).

Ms. Cleary also alleges that Judge Grossman, refuses to recuse herself despite her and the minor children's grandmother both being adjunct professors at Quinnipiac University School of Law. *Id.* ¶¶ 15–18.

As to Attorney Brown, the guardian *ad litem* for the minor children, Ms. Cleary alleges that he and Judge Grossman openly conspired and colluded with each other during the hearings that took place in the pending family matter. *Id.* ¶ 137.

   **B. Procedural History**

On March 20, 2023, Ms. Cleary filed her *pro se* Complaint in this case. Compl.

---

[2] The Court takes judicial notice of the related state court records. *See Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 402 (2d Cir. 2003) ("[I]t is appropriate for this court to affirm the district court by taking judicial notice of state court records which leave no doubt as to the correctness of the district court's determination.").

On April 26, 2023, Attorney Brown filed his motion to dismiss and accompanying memorandum of law. Brown Mot.; Mem. of Law in Supp. of Mot. to Dismiss by Att'y Brown, ECF No. 22 ("Brown Mem."); *see also* Local Rule 12(a) Not. to Self-Represented Litigant Concerning Mot. to Dismiss, ECF No. 23.

Also on April 26, 2023, Attorney Brown filed a motion to stay discovery until thirty days following the Court's ruling on his motion to dismiss. Mot. to Stay by Att'y Brown, ECF No. 24.

On April 28, 2023, Judge Grossman filed her motion to dismiss and accompanying memorandum of law. Grossman Mot; Mem. of Law in Supp. of Mot. to Dismiss by Judge Grossman, ECF No. 25-1 ("Grossman Mem."); *see also* Local Rule 12(a) Not. to Self-Represented Litigant Concerning Mot. to Dismiss, ECF No. 26.

Also on April 28, 2023, Judge Grossman filed a motion to stay discovery until thirty days following the Court's ruling on her motion to dismiss. Mot. to Stay by Judge Grossman, ECF No. 25.

On May 8, 2023, Ms. Cleary filed two substantially similar memoranda of law in opposition to the motions to dismiss and motions to stay. Opp'n to Mot. to Dismiss by Att'y Brown, ECF No. 30 ("Opp'n to Brown Mot."); Opp'n to Mot. to Dismiss by Judge Grossman, ECF No. 31 ("Opp'n to Grossman Mot.").

On May 9, 2023, U.S. District Judge Jeffrey A. Meyer granted Defendants' motions to stay. Order Granting Mots. to Stay, ECF No. 32.

On May 22, 2023, Defendants both filed their replies in support of their respective motions to dismiss. Reply in Supp. of Mot. to Dismiss by Att'y Brown, ECF No. 33 ("Brown Reply"); Reply in Supp. of Mot. to Dismiss by Judge Grossman, ECF No. 34 ("Grossman Reply").

On June 12, 2023, Ms. Cleary filed a second memorandum of law in opposition to Attorney Brown's motion to dismiss, which Attorney Brown objected to on June 16, 2023. Second Opp'n to Mot. to Dismiss by Att'y Brown, ECF No. 35 ("Second Opp'n to Brown Mot."); Obj. to Second Opp'n to Mot. to Dismiss by Att'y Brown, ECF No. 36 ("Obj. to Second Opp'n").

On August 10, 2023, Judge Grossman filed a notice of supplemental authority relevant to her pending motion to dismiss. Not. of Supplemental Auth., ECF No. 37 ("Not. of Supplemental Auth.").

Also on August 20, 2023, this case was transferred from Judge Meyer to this Court. Order of Transfer, ECF No. 38.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(5)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) due to insufficient service of process "must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules [of Civil Procedure], which sets forth the federal requirements for service." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007). "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." *Cole v. Aetna Life & Cas.*, 70 F. Supp. 2d 106, 110 (D. Conn. 1999).

### B. Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon

which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of N.Y.C.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy*

*v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

### III. DISCUSSION

Attorney Brown argues that Ms. Cleary's Complaint should be dismissed because (1) he is entitled to absolute immunity; (2) the *Rooker-Feldman* doctrine prevents federal courts from reviewing state court judgments; (3) Ms. Cleary has failed to state a claim upon which relief can be granted; and (4) Ms. Cleary failed to serve Attorney Brown with sufficient service. Brown Mem. at 5.

Judge Grossman argues that Ms. Cleary's Complaint should be dismissed under the following doctrines: "(1) the *Rooker-Feldman* doctrine; (2) the *Younger* abstention doctrine; (3) the domestic relations abstention doctrine; (4) the abstention principles of *O'Shea v. Littleton*; (5) Eleventh Amendment immunity; (6) Section 1983; (7) the Anti-Injunction Act, 28 U.S.C. § 2283; (8) absolute judicial immunity; (9) failure to state claims on which relief may be granted; and (10) failure to serve Judge Grossman sufficient process under Fed. R. Civ. P. 4." Grossman Mem. at 1–2.

The Court will address each argument, in turn, beginning with the jurisdictional arguments, to the extent necessary. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case

6

without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).").

### A. Improper Service

Under Federal Rule of Civil Procedure 12(b)(5), a party may file a motion to dismiss due to "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "A motion to dismiss pursuant to Rule 12(b)(5) must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules, which sets forth the federal requirements for service." *Rzayeva*, 492 F. Supp. 2d at 74. Once a defendant challenges the validity of service, "it becomes the plaintiff's burden to prove that service of process was adequate." *Cole*, 70 F. Supp. 2d at 110.

In analyzing a Rule 12(b)(5) motion, the Court examines the service requirements under Federal Rule of Civil Procedure 4. *El Ex-Relatione Dawes v. Whitehead*, No. 3:18-CV-02033 (CSH), 2019 WL 5394578, at *4 (D. Conn. Oct. 22, 2019).

Attorney Brown argues that the docket in this case reflects that Ms. Cleary failed to serve a copy of the summons on him. Brown Mem. at 19.

Judge Grossman argues that service of process is a prerequisite for this Court's jurisdiction and Ms. Cleary has not served a copy of the summons on her. Grossman Mem. at 33.

Ms. Cleary responds that Defendants conceded that this action was properly filed and that Defendants were properly served. Opp'n to Brown Mot. at 1; Opp'n to Grossman Mot. at 1.

The Court disagrees.

Neither Attorney Brown's motion nor Judge Grossman's motion make any such concession. And upon review of the docket, there is no entry reflecting proof of service of the summons.

Ms. Cleary has the burden to prove the adequacy of service of process, *see Cole*, 70 F. Supp. 2d at 110 ("Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate."), and she has not provided an affidavit indicating that she properly served the summons. *See Hubert v. Dep't of Correction*, No. 3:21-CV-00094 (VAB), 2022 WL 657622, at *4 (D. Conn. Mar. 4, 2022) ("[I]t is Ms. Hubert's burden to prove that service of process was adequate, and she has not provided an affidavit indicating that she properly served process. Therefore, the Court now must determine whether it should exercise its discretion to extend the time for service in this case.").

Further, Ms. Cleary has not shown good cause for failing to serve the summons on Defendants.

Accordingly, the adequacy of service of process has not been proven. The Court, however, need not determine whether it should exercise its discretion to extend the time for service, as Defendants are also entitled to immunity as discussed below.

### B. Absolute Immunity

#### 1. Attorney Brown

Under *Carrubba v. Moskowitz*, 877 A.2d 773 (Conn. 2005), guardians *ad litem* are entitled to absolute immunity for any actions taken within their role. *Id.* at 778–85; *see also Dubinsky v. Reich*, 201 A.3d 1153, 1157 (Conn. App. 2019) ("[U]nder *Carrubba*, Reich is entitled to absolute immunity for any actions taken within her role as guardian ad litem.").

Attorney Brown argues that as the guardian *ad litem* for the minor children, he is entitled to absolute immunity for any actions he took that were integral to the judicial process. Brown Mem. at 13.

Ms. Cleary does not set forth a discernable argument as to whether Attorney Brown is entitled to absolute immunity for actions taken within his role as guardian *ad litem*, however, it is clear that Ms. Cleary opposes this argument. *See* Opp'n to Brown Mot. at 14 ("Defendant's fanciful theory of absolute or judicial immunity . . . must be rejected.").

The Court agrees with Attorney Brown.

In her Complaint, Ms. Cleary has not alleged any specific actions taken by Attorney Brown outside of his role as guardian *ad litem*. *See Dubinsky*, 201 A.3d at 1154, 1157–58 (affirming the trial court's grant of a motion to dismiss a claim based on the allegation that the guardian *ad litem* "wrongfully recommended to the court supervised visitation between the plaintiff and his minor child and recommended against the use of coparenting counseling"). Indeed, Ms. Cleary only alleges that Attorney Brown and Judge Grossman would "openly conspire and collude with one another during . . . hearings." Compl. ¶ 137. Attorney Brown's participation in these hearings were in fulfilment of his statutorily prescribed duties as guardian *ad litem* to the minor children.[3]

Accordingly, Attorney Brown is entitled to absolute immunity and the Court lacks jurisdiction over the merits of the case against him. *Kalman v. Carre*, 352 F. Supp. 2d 205, 207 (D. Conn. 2005) ("[W]here a defendant is immune from suit, this court lacks subject matter jurisdiction.").

  2. *Judge Grossman*

"Judges are immune from suit for exercising their judicial authority." *Leslie v. Mortg. Elec. Registration Sys., Inc.*, No. 3:05-CV-1725 (AVC), 2006 WL 1980305, at *4 (D. Conn. July

---

[3] General Statutes § 46b-54 (e) provides in relevant part: "[A] guardian ad litem for the minor child or children shall be heard on all matters pertaining to the interests of any child, including the custody, care, support, education and visitation of the child, so long as the court deems such representation to be in the best interests of the child.''

9

12, 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). "Judges are not, however, absolutely 'immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity.'" *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).

Judge Grossman argues that she is entitled to absolute judicial immunity as all of Ms. Cleary's claims arise from Judge Grossman's judicial actions. Grossman Mem. at 26.

Ms. Cleary responds that Judge Grossman is a proper defendant as suits seeking prospective remedies are not barred by the doctrine of judicial immunity. Opp'n to Grossman Mot. at 13.

The Court agrees, in substantial part, with Judge Grossman.

The conduct that forms the basis of Ms. Cleary's claims against Judge Grossman is her (1) failure to recuse herself despite Judge Grossman and the grandmother of the minor children both being adjunct professors at Quinnipiac University School of Law, Compl. ¶¶ 15–18, (2) failure to allow Ms. Cleary to present evidence that will substantiate her claim, *id.* ¶ 32, (3) failure to allow Ms. Cleary to testify about the minor children's living situation with their father, *id.* ¶ 44, (4) awarding custody of the minor children to their father, *id.* ¶ 45, (5) holding Ms. Cleary in violation of court orders, *id.* ¶ 84, and (6) commenting on Ms. Cleary's condition and actions, *id.* ¶ 134.

But each of these actions stem from Judge Grossman's judicial authority. *See Bliven*, 579 F.3d at 210 (collecting cases) ("'[T]he factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the

judge in his judicial capacity.' . . . [T]he Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature." (quoting *Stump*, 435 U.S. at 362)).

As to Ms. Cleary's argument that seeking declaratory relief—or injunctive relief if declaratory relief is unavailable—under 42 U.S.C. § 1983 is not barred by the doctrine of judicial immunity relying on *Allen v. DeBello*, 861 F.3d 433, 439 (3d Cir. 2017), it is misplaced.

In *Allen*, the Third Circuit determined that judicial defendants were not proper parties to an action seeking for declaratory or injunctive relief under § 1983 because the defendants had acted in an adjudicatory capacity, *id*. at 439–42, as Judge Grossman has in this case. *See also id*. at 444 ("The District Court thus properly understood that the [Declaratory Judgment] Act does not render the state court judges appropriate defendants for declaratory relief . . . . [and thus] were not properly sued in this action . . . .").

Cases within this Circuit further clarify that "the doctrine of absolute judicial immunity now extends to cover suits against judges where the plaintiff seeks not only monetary relief, but injunctive relief as well, unless preceded by a declaration, or by a showing that such declaratory relief is unavailable." *MacPherson v. Town of Southampton*, 664 F. Supp. 2d 203, 211 (E.D.N.Y. 2009). Here, Ms. Cleary does not allege that declaratory relief is unavailable, or that Judge Grossman has violated an existing declaratory decree.

Accordingly, Judge Grossman is immune from suit, including suits under § 1983, and the Court lacks jurisdiction over the merits of this case against her. *Kalman*, 352 F. Supp. 2d at 207 (D. Conn. 2005) ("[W]here a defendant is immune from suit, this court lacks subject matter jurisdiction.").

11

### C. The *Younger* Abstention Doctrine

Although "the doctrine of judicial immunity does not shield judges from claims for prospective declaratory relief[,]" *LeDuc v. Tilley*, No. 3:05-CV-157 (MRK), 2005 WL 1475334, at *7 (D. Conn. June 22, 2005) (citing *Davidson v. Garry*, 956 F. Supp. 265, 268 (E.D.N.Y. 1996)), the Court need not reach whether Ms. Cleary is entitled to said relief because, to the extent that Ms. Cleary's Complaint can be construed as alleging present, continuing violations of federal law, not otherwise foreclosed by either the doctrines of absolute or judicial immunity, her claims are still barred by the *Younger* abstention doctrine.

"Circumstances fitting within the *Younger* doctrine . . . include . . . 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (quoting *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367–68 (1989)). Additional factors appropriately considered by courts are whether: "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Wang v. Foote Sch. Ass'n Inc.*, No. 3:22-CV-01127 (SRU), 2023 WL 5206910, at *7 (D. Conn. Aug. 14, 2023) (citing *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002)); *see also Jacobs*, 571 U.S. at 81 (noting that these factors, known as the *Middlesex* conditions, "were not dispositive; they were, instead, *additional* factors appropriately considered by the federal court before invoking *Younger*" (emphasis in original)).

Judge Grossman argues that this Court should abstain under the *Younger* doctrine because the Superior Court must be allowed to perform its judicial functions in issuing and enforcing custody orders. Grossman Mem. at 17.

12

Ms. Cleary does not respond to this argument.

The Court agrees with Judge Grossman.

First, at the time this action was filed, there were—and still are—ongoing post-judgment proceedings in state court. *See Thomas v. Cleary*, NNH-FA19-5050611-S (last filing dated Jan. 28, 2024); *see also Sargent v. Emons*, No. 3:13-CV-863 (JBA), 2013 WL 6407718, at *4 (D. Conn. Dec. 9, 2013), *aff'd*, 582 F. Appx. 51 (2d Cir. 2014) ("[F]ederal courts, including the Supreme Court, have applied the principles of *Younger* abstention in the context of ongoing post-judgment proceedings in state court.").[4]

Second, "[f]amily law matters, including issues regarding child custody, implicate 'an area of law that federal courts and Congress leave almost exclusively to state law and state courts.'" *Wang v. Foote Sch. Ass'n Inc.*, No. 3:22-CV-01127 (SRU), 2023 WL 5206910, at *7 (D. Conn. Aug. 14, 2023); *see also Bhatia v. Conway*, No. 306CV1334 (MRK), 2006 WL 3741189, at *2 (D. Conn. Dec. 19, 2006) ("It is now well settled that the abstention principles articulated in *Younger* apply equally to family court proceedings, such as those at issue here. . . . There is also little question that the custody of children raises important state interests.").

---

[4] To the extent that *Younger* does not apply because the claims arise from final orders—and *Rooker-Feldman* does not apply because of the pending appeal (although, the pending appeal was filed on March 27, 2023, *see Thomas v. Cleary*, AC 46365 (filed Mar. 27, 2023), which was after Ms. Cleary filed her Complaint in this case), *see Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) ("*Rooker-Feldman* applies only after state-court proceedings have 'ended.' Those proceedings had not ended by the time Hunter filed her federal lawsuit because an appeal remained pending in state court." (citation omitted)); *Allen*, 861 F.3d at 439 (holding that because the lawsuit challenged an "underlying policy" . . . *Rooker-Feldman* does not bar suit."(footnote omitted))—"general principals of abstention deprive[ ] this Court of jurisdiction" to hear Ms. Cleary's claims. *See Wang*, 2023 WL 5206910, at *9 ("I am aware that the Second Circuit has advised that 'there is little or no discretion to abstain in a case which does not meet traditional abstention requirements.' However, I believe cases of this type are the narrow sort of cases where such discretion is warranted. Therefore, based on the information presented to me, I conclude that either *Rooker-Feldman*, *Younger*, or general principals of abstention deprives this Court of jurisdiction to hear Wang's claims." (citations omitted)); *see also J.B. v. Woodard*, 997 F.3d 714, 723 (7th Cir. 2021) (concluding that, in the context of a domestic relations proceeding, even where other abstention doctrines do not perfectly fit the case, "[t]o insist on literal perfection . . . risks a serious federalism infringement").

And third, Ms. Cleary cannot argue that state law bars the presentation of her claims, as she has an appeal pending before the Connecticut Appellate Court seeking reversal of Judge Grossman's custody and visitation rulings, financial rulings, and evidentiary rulings, which are also the basis of this action. *See Thomas v. Cleary*, AC 46365, Appellant Brief at 3 (Conn. App. filed Oct. 30, 2023); *see also Sargent*, No. 3:13-CV-863 (JBA), 2013 WL 6407718, at *5 ("Plaintiffs bear the burden of affirmatively establishing that state law bars the presentation of their claims . . . . Connecticut appellate courts have previously considered due process challenges to final custody orders, and thus when a ruling issues on the pending motions in Plaintiff's custody case that functions as a final order for the purposes of appeal, Plaintiff can raise his federal constitutional claims in a state appeal of that ruling.").

Further, Ms. Cleary has not made sufficient factual allegations to support an inference that either exception to the *Younger* doctrine applies. *See Younger v. Harris*, 401 U.S. 37, 53 (1971) ("There may, of course, be extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment."); *see also Holley v. McCormick*, No. 3:20-CV-1663 (SRU), 2021 WL 3409287, at *4 (D. Conn. Aug. 3, 2021) ("To invoke an exception to the *Younger* doctrine, Holley 'must make sufficient specific factual allegations which support an inference that the particular exception applies and cannot rely on general claims of misconduct.'" (quoting *Saunders v. Flanagan*, 62 F. Supp. 2d 629, 634 (D. Conn. 1999))).

To satisfy the bad faith exception, Ms. Cleary had the burden of sufficiently alleging that "the party bringing the state action" initiated that proceeding "with and is animated by a retaliatory, harassing, or other illegitimate motive." *McGowan*, 282 F.3d at 198–99. Ms. Cleary failed to carry this burden as she did not allege facts—as opposed to conclusory statements—

establishing bad faith by Defendants, especially because Defendants did not initiate the state court proceeding and had a legitimate purpose in those proceedings. *See Torres v. Gaines*, No. 3:14-CV-372 (VLB), 2016 WL 1312743, at *1 (D. Conn. Apr. 4, 2016) (concluding that the plaintiffs failed to "allege facts or produce evidence" that the bad faith exception to the *Younger* doctrine applied where the plaintiffs offered little more than their descriptions that the defendants actions were "illegal," "unfair," "fail[ing] 'due process,'" and done "without legal weight or evidence"); *Sobel v. Prudenti*, 25 F. Supp. 3d 340, 356 (E.D.N.Y. 2014) ("[T]he [p]ending [s]tate [c]ourt [a]ction was brought by Lew, not the Defendants. Furthermore, the [p]ending [s]tate [c]ourt [a]ction, and Defendants' roles in those proceedings, were legitimate in their purpose . . . to determine Lew's child custody and child support obligations, and, therefore, even if Defendants' execution of the state proceedings was unconstitutional to any degree, the bad faith or harassment exception does not apply.").

And the "extraordinary circumstances" exception would apply "only if" Ms. Cleary had established that "'extraordinary circumstances' render[ed] the state court incapable of fairly and fully adjudicating the federal issues before it . . . ." *McGowan*, 282 F. 3d at 201. "The Second Circuit has determined that there are 'two predicates for application of this exception: (1) that there be no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violation; *and* (2) that a finding be made that the litigant will suffer 'great and immediate' harm if the federal court does not intervene." *Miller v. Sutton*, No. 3:15-CV-1111 (MPS), 2016 WL 3976540, at *18 (D. Conn. July 21, 2016) (citation omitted) (emphasis in original), *aff'd*, 697 F. Appx. 27 (2d Cir. 2017). Simply stating that "[t]here is no adequate remedy by appeal," Compl. ¶ 2, is not a "specific factual allegation[ ] of extraordinary

circumstances sufficient to override the mandatory abstention that *Younger* otherwise requires." *Bhatia*, 2006 WL 3741189, at *4.

Thus, the Court is deprived of jurisdiction to hear Ms. Cleary's claims. *See McGowan*, 282 F.3d at 197 ("[W]hen *Younger* applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter." (citing *Colorado Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 816 n.22 (1976))).

Accordingly, the Court will grant Defendants' motions to dismiss and need not address Defendants' remaining threshold arguments. *See Sinochem Int'l Co.*, 549 U.S. at 423 ("A court has leeway 'to choose among threshold grounds for denying audience to a case on the merits[.]'" (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999))).

### D. Leave to Amend

In light of the analysis above, the Court intends to dismiss Ms. Cleary's Complaint. The Court must consider whether leave to amend it should be granted. *See* Fed. R. Civ. P. 15(a)(2) ("Rule 15") ("The court should freely give leave [to amend] when justice so requires."); *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." (citation and internal quotation marks omitted)).

Ms. Cleary argues that she should be allowed to amend her Complaint as a matter of course because Defendants have not yet filed an Answer, and because of the Third Circuit's presumption in favor of amendment in civil rights cases. Opp'n to Brown Mot. at 20–21; Opp'n to Grossman Mot. at 22–23. She argues that she should be allowed to add other state actors, namely officers of the Connecticut Superior Court in the Judicial District of New Haven, for

16

having colluded with Defendants in the civil rights violations she alleges. Opp'n to Brown Mot. at 21; Opp'n to Grossman Mot. at 23.

First, Rule 15(a)(1) provides that a party may amend its pleading as a matter of course no later than twenty-one days of serving it or no later than twenty-one days after service of a responsive pleading or "after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a)(1). As Ms. Cleary's Complaint was filed on March 20, 2023, and Defendants' motions under Rule 12(b) were filed on April 26, 2023, and April 28, 2023, each of Ms. Cleary's deadlines for amending her Complaint as a matter of course has passed.

Second, the Second Circuit has held that "[w]here a proposed amendment would be futile, leave to amend need not be given." *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011). The analysis above reveals that any such leave to amend this Complaint would be futile because adding additional defendants, or any other amendment, would not cure the Court's lack of subject matter jurisdiction. *See Bhatia*, 2006 WL 3741189, at *5 ("The Court . . . recognizes the challenges that any *pro se* plaintiff faces in pursuing judicial relief. However, the Constitution and Congress place clear limits on the jurisdiction of federal courts and for the reasons stated above, the Court lacks jurisdiction to entertain [the plaintiff's] case."); *Mercado v. Orange Cnty. Legal Aid Soc'y*, No. 19-CV-11904 (CM), 2020 WL 635579, at *3 (S.D.N.Y. Feb. 10, 2020) ("District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint." (citation omitted)). While the underlying factual circumstances here are undoubtedly important and extraordinary to Ms. Cleary, no matter how she framed

them, she cannot state "a plausible claim for relief [capable of] surviv[ing] a motion to dismiss." *Iqbal*, 556 U.S. at 679.

Accordingly, no leave to amend the Complaint will be considered, and this case will be dismissed with prejudice.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are **GRANTED** with prejudice.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 15th day of March, 2024.

/s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE